UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TALYA SHOUP BURNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:13-CV-492-HSM-HBG |
| v. ) | |
| ) | |
| JOHN RICHARD BURNETT, II, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral order of the District Judge. Now before the Court is Plaintiff's Motion for Necessary Expenses and Incorporated Memorandum of Law [Doc. 20], ("Motion for Attorneys' Fees"). The Court finds that this matter is ripe for adjudication, and for the reasons stated herein, the undersigned **RECOMMENDS** that the Motion for Attorneys' Fees be **GRANTED IN PART** and **DENIED IN PART**.

I. **BACKGROUND**

Plaintiff Talya Shoup Burnett and Defendant John Richard Burnett married in 2003, and three children were born of the marriage. The Plaintiff, the Defendant, and their children moved from Georgia to Germany as a family. In February 2012, Defendant returned to the United States.

In October 2012, while Defendant was visiting in Germany, the parties reached an agreement that the children would continue living in Germany with Plaintiff and return to the United States to visit with Defendant during the summer. Pursuant to that agreement, the

children traveled from Germany to the United States on June 22, 2013 to visit Defendant at his new home in Tennessee. They were to return to Germany on July 30, 2013. On July 30, 2013, Defendant called Plaintiff to inform her that he was keeping the children in Tennessee.

On August 15, 2013, Plaintiff filed her application for the return of the children to their home in Germany with this Court pursuant to the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. §§ 11601 *et seq*. On August 21, 2013, the parties attended the Show Cause hearing. The Court entered a Preliminary Injunction Order [Doc. 5], consented to by the parties, which ordered that the Plaintiff would have specific visitation with the minor children with a right of first care until the resolution of the case. The Court also scheduled trial of this matter for October 1, 2013.

The parties conducted discovery, including depositions that were taken on September 5, 2013. The parties participated in mediation on September 19, 2013, but were unable to reach an agreement regarding disposition of this case. Following a pretrial conference held on September 27, 2013, the parties reached an agreement, which was presented to the Court on September 30, 2013, through an agreed order. On the same day, the Court entered the Consent Order [Doc. 18].

Through the Consent Order, the Court ordered that the children would return to Germany with Plaintiff on or before October 2, 2013. The Consent Order also set a briefing schedule for the issue of an award of attorneys' fees. The Plaintiff was ordered to file her Motion for Attorney Fees on or before October 15, 2013, and Defendant was ordered to file his response on or before October 25, 2013. Plaintiff had until October 30, 2013, to file a final reply.

Plaintiff timely filed her Motion for Attorneys' Fees on October 15, 2013, [Doc. 20], and after the Defendant failed to timely respond, Plaintiff filed a notice alerting the Court to Defendant's lack of opposition on October 31, 2013, [Doc. 21]. On November 8, 2013, the

2

Defendant filed his Response to Application for Attorney's Fees [Doc. 22]. This matter was referred to the undersigned on January 8, 2014. [Doc. 23].

## II. POSITIONS OF THE PARTIES

Plaintiff argues that she was forced to incur substantial legal fees, costs, and expenses in securing the return of the children to Germany. She maintains that these fees, costs, and expenses are recoverable pursuant to 42 U.S.C. § 11607. Specifically, she moves the Court to award $836.60 in costs, $43,251.85 in attorneys and paralegals' fees, and $6,799.20 in travel expenses. Plaintiff maintains that all of the fees, costs, and expenses requested were "necessary" and related to the return of her children. Plaintiff submits that the fees incurred are reasonable, and she maintains that she is entitled to the fees because she prevailed in having the children returned to Germany.

The Defendant presents three objections. First, he objects to the fees claimed for the services of William Craig King, a law student who assisted on this case, and argues that Mr. King's rate of $135 and later $150 per hour is too high for a non-attorney. Second, Defendant argues that certain fees charged by Attorney Charese C. Clark are duplicative of the services rendered by Attorney Michael E. Manely. Finally, Defendant argues that the hours billed by Ms. Clark after the parties reached an agreement for resolution of this case on September 26, 2013, should not be compensated.

### III. ANALYSIS

The Court will address the issues presented in turn.

### A. Timeliness

First, the Court finds that the Defendant did not file a timely response to the Motion for Attorneys' Fees. Instead, he waited until approximately two weeks after the deadlines set by the District Judge had expired to respond. The Court could treat this failure to file a timely response as acquiescence to the relief sought. See E.D. Tenn. L.R. 7.2. However, given the amount requested by the Plaintiff and the Court's role in evaluating the reasonableness of fees awarded pursuant to a federal statute, the Court finds that it is appropriate to evaluate the merits of Plaintiff's request and to consider Defendant's objections thereto.

### B. Attorneys' Fees, Costs, and Expenses

The Defendant does not dispute that the Plaintiff's request for an award of fees, expenses, and costs is governed by 42 U.S.C. § 11607, which provides:

> Any court ordering the return of a child pursuant to an action brought under section 11603 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

42 U.S.C. § 11607(b)(3).

The Court finds that the Defendant has not disputed the Plaintiff's request for an award of expenses and costs pursuant to 42 U.S.C. § 11607(b)(3). The Court finds that the Plaintiff's request for $836.60[1] in costs and $6,799.20[2] in expenses are reasonable, and the Court further

---
[1] This figure represents costs associated with *pro hac vice* appearances, filing fees, service of process, printing, copies, postage, and faxes.
[2] This figure represents expenses incurred in travel including airfare and fuel.

Case 3:13-cv-00492-HSM-HBG   Document 24   Filed 03/06/14   Page 4 of 9   PageID #: 219

finds the Plaintiff's requested expenses and costs were necessarily incurred in securing the return of her children pursuant to 42 U.S.C. § 11607(b)(3). Accordingly, the undersigned will recommend that the Plaintiff's request for expenses and costs be granted.

The Court turns next to the only disputed issue: the amount of Plaintiff's attorneys' fees. ICARA does not delineate a specific manner in which courts are to evaluate requests for fees pursuant to § 11607(b)(3). However, courts faced with this issue have generally evaluated such requests using the lodestar method typically employed by federal courts presented with requests for statutory fees. See Freier v. Freier, 985 F. Supp. 710, 712 (E.D. Mich. 1997); Flynn v. Borders, 2007 WL 862548 at *2 (E.D. Ky. Mar. 20, 2007). The Plaintiff suggests that the Court employ the lodestar mechanism in evaluating the instant request, and the Defendant appears to agree with Plaintiff's suggestion. Accordingly, the Court finds that the instant request should be evaluated using the lodestar mechanism.

The court in Freir v. Freir, 985 F. Supp. 710 (E.D. Mich. 1997), explained the standard well:

> Applying the lodestar approach, the most useful starting point is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. There is a strong presumption that this lodestar figure represents a reasonable fee. However, there remain other considerations that may lead the district court to adjust the fee upward or downward. The district court has the discretion to reduce the award. The hours claimed need not be automatically accepted by the district court. Hours may be cut for duplication, padding or frivolous claims. In complicated cases, involving many lawyers, deducting a small percentage of the total hours may be used to eliminate duplication of services. The district court must base its decision on the affidavits of counsel along with supporting documents including an accurate summary of contemporaneous time records with dates, number of hours expended, by whom, and a specific explanation of the action taken.

Id. at 712 (internal citations omitted).

5

The Court turns first to the number of hours expended – specifically, to Defendant's position that Ms. Clark duplicated hours and that Ms. Clark improperly billed for services after September 26, 2013. The Court finds that Ms. Clark has not improperly duplicated hours. Given the gravity of this case, it was reasonable for both Ms. Clark and Mr. Manely to attend depositions on September 5, 2013, and the mediation in this case. Further, the Court finds that the hours billed by Ms. Clark for trial preparation on the same date that the parties finalized their settlement are reasonable, because the trial preparation and the finalizing of the settlement were essentially contemporaneous. The Court finds that the number of hours submitted for reimbursement by Ms. Clark is reasonable. Further, the Court finds that the number of hours submitted by Plaintiff's attorneys and paralegals are reasonable.

The Court turns next to the hourly rates billed. The Court finds that the Defendant's objection to the rate billed by Mr. King is well-taken. The Court finds that Mr. King was a law student at the time, who was not licensed to practice law. The Court has reviewed Mr. King's work in this matter – *e.g.* "[a]dd contacts and link to file," "[u]pdate calendar events," "[u]pdate pleading index," "[c]ontinue prepping documents for filing" – and the Court finds that this work is predominantly the work of a paralegal, not the work of an attorney. Further, the Court finds that Mr. King is often referred to as a paralegal in the billing entries, *see, e.g.* Doc. 20-9 at 1. Therefore, the Court finds that the time expended by Mr. King should be billed at the rate of a senior paralegal. In this case, the Court finds that $75.00, which is $10.00 an hour more than the rate charged by the junior paralegal and a significant hourly rate for paralegal work, is appropriate. Accordingly, the undersigned will incorporate an appropriate discount into the compensation recommended below.

6

Pursuant to the lodestar mechanism, the Court is charged with evaluating the reasonableness of the rates charged by counsel for legal services. Thus, the Court must consider whether the rates charged are reasonable, regardless of whether they are challenged by the opposing party. In this case, the Court finds that the rate of $375 per hour charged by Plaintiff's counsel is not reasonable for work performed in the Eastern District of Tennessee.

The Plaintiff concedes that the rates charged by counsel must be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." [Doc. 20 at 8 (citing Wasniewski v. Grzelak-Johannsen, 549 F. Supp. 2d 965, 972-73 (N.D. Ohio 2008))]. The Plaintiff does not take a position on what the relevant community for this evaluation is, but the Court finds that the relevant community is the Eastern District of Tennessee at Knoxville and Chattanooga, see Wasniewski, 549 F. Supp. 2d at 973; Wayne v. Village of Sebring, 36 F.3d 517, 533 (6th Cir. 1994).

The Court acknowledges that the litigation of the ICARA issues in the instant case required specialized knowledge and experience, but even so, the Court finds that $300.00 is the highest hourly rate that can be found to be reasonable compensation for specialized and complex federal litigation in Knoxville and Chattanooga. See MAKS v. EODT, Case No. 3:10-CV-443, Report and Recommendation, Doc. 458 (E.D. Tenn. Feb. 11, 2014) (recommending that a Washington D.C. litigator's request for $600 per hour be reduced to $300 per hour); Penn. Higher Educ. Assistance Agency v. Coffey, 2013 WL 1342805 (E.D. Tenn. Mar. 7, 2013) (finding $250.00 per hour to be a reasonable rate on a contract claim in Chattanooga); Trentham v. Hidden Mountain Resorts, Inc., Case No. 3:08-CV-23, Doc. 154 (E.D. Tenn. Sept. 2, 2010) (awarding $260.00 in an employment case to an attorney who has practiced in Knoxville since 1949); Doherty v. City of Maryville, 2009 WL 3241715, *7 (E.D. Tenn. Sept. 30, 2009)

7

(awarding $225 per hour rate for partners and a $175 per hour rate for associates of a law firm that successfully litigated a Constitutional claim in Knoxville); Goodman Properties Inc. v. Blosser, 2012 WL 6765626 (E.D. Tenn. Nov. 13, 2012) (finding $275.00 per hour to be a reasonable rate on a contract claim in Chattanooga); Loyless v. Oliveira, 2012 WL 775084 (E.D. Tenn. Feb.17, 2012) (finding $300 to be a relatively high hourly rate for the Chattanooga legal market but approving the fee in light of no objections); McKay v. Reliance Standard Life Ins. Co., 654 F. Supp.2d 731, 746 (E.D. Tenn. 2009) (approving a $250 hourly rate in an ERISA case); Grant v. Shaw Environmental, Inc., 2013 WL 1305599 (E.D. Tenn. Jan. 30, 2013) (reducing hourly rate in FLSA case, including a request for $440 per hour for out-of-town counsel, to a weighted average of $248.42) *amount of award sustained at* Grant v. Shaw Environmental, Inc., 2013 WL 1305596 (E.D. Tenn. Mar. 28, 2013).

Accordingly, the Court finds that the rate charged by Mr. Manely should be reduced to $300 per hour, and the undersigned will incorporate an appropriate discount for this finding into its recommendation below.

The Court finds that the number of hours requested by Plaintiff are reasonable, and thus, the Court finds that these hours multiplied by the reduced hourly rates for Mr. Manely and Mr. King and the other proposed rates will yield a reasonable award of attorneys' fees pursuant to ICARA.

## IV. CONCLUSION

Based upon the foregoing, the undersigned **RECOMMENDS**[3] that the Plaintiff's Motion for Necessary Expenses and Incorporated Memorandum of Law **[Doc. 20]** be **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. The Plaintiff be awarded **$33,501.85**,[4] representing the reasonable legal fees incurred pursuant to 42 U.S.C. § 11607(b)(3);

2. The Plaintiff be awarded **$836.60**, representing the reasonable legal costs incurred pursuant to 42 U.S.C. § 11607(b)(3); and

3. The Plaintiff be awarded **$6,799.20**, representing the reasonable expenses incurred pursuant to 42 U.S.C. § 11607(b)(3).

                                                Respectfully Submitted,

                                                _s/ H. Bruce Guyton_
                                                United States Magistrate Judge

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).

[4] Michael Manely, a senior attorney (56.54 hr x $300 = $16,962.00); Cherese Clark, a junior attorney (56.74 hr x $175 = $9,929.50); William King, a law student & senior paralegal (82.76 hr x $75 = $6,207.00); Sara Spicer, a junior paralegal (4.94 hr x $65 = $321.10); Teodora Nikolova, a paralegal (1.15 hr x $35 = $40.25); and Patricia Neal, a legal assistant (1.20 x $35 = $42.00).